## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | [Civil Action No. 2014-cv-3233-PAB- |
| *Movants.* | § | NYM, pending in the United States |
| | § | District Court for the District of Colorado] |
| | § | |

### MOTION TO QUASH DEPOSITION SUBPOENAS SERVED ON RICARDO SOLIS, OSCAR SALINAS, AND DESI DELEON AND MOTION FOR A PROTECTIVE ORDER

Movants, Ricardo Solis, Oscar Salinas, and Desi DeLeon, respectfully move for an order quashing the Notices of Videotaped Deposition, described herein, served on each of them by NGL Warehouse, LLC ("NGL"), in connection with a case styled, *Great Northern Insurance Company and Unique Home Designs, Inc. v. NGL Warehouse, LLC*, and numbered, Civil Action No. 2014-cv-3233-PAB-NYW, pending in the United States District Court for the District of Colorado (the "Colorado Lawsuit"), or alternatively, move for entry of a protective order, and in support thereof, state the following:

### BACKGROUND

1.     Ricardo Solis ("Solis"), Oscar Salinas ("Salinas"), and Desi DeLeon("DeLeon") are not parties to the Colorado Lawsuit. NGL served each of them with a Notice of Videotaped Deposition (the "Subpoenas") compelling them to appear in Harlingen, Texas, for a deposition in connection with the Colorado Lawsuit. The depositions are currently scheduled for Monday, January 25, 2016. True and correct copies of the Subpoenas at issue in this proceeding are attached hereto as **Exhibit A**.[1] Movants were unfamiliar with any of the parties to the Colorado

---

[1]    NGL issued an Amended Notice of Videotaped Deposition of Ricardo Solis in connection with the Colorado Lawsuit moving his deposition to January 25, 2016, at 3:00 p.m.

Lawsuit until only recently when they learned that the underlying Colorado Lawsuit relates to a dispute between Unique Home Designs, Inc. and NGL rising out of a fatal accident that occurred at a Home Depot store in Mission, Texas in 2013. Solis, Salinas, and DeLeon were employees of Home Depot U.S.A, Inc. ("Home Depot") at the time of the accident.

2.     Salinas is no longer employed by Home Depot. *See* the Declaration of Oscar Salinas ("Salinas Dec.") at ¶ 2, attached hereto as **Exhibit B**. On January 21, 2016, he was reminded of his confidentiality obligations by Home Depot as a former employee. Salinas retained the law firm of Winstead PC as counsel to represent him in connection with this discovery matter and to advise him on his confidentiality obligations. *Id.* at ¶ 4. Salinas has not had the opportunity to meet and confer with his counsel regarding his deposition and will not have the opportunity to do so prior to his deposition currently scheduled at 9:00 a.m. on Monday, January 25, 2016. *Id.* at ¶¶ 3, 5.

3.     DeLeon is also a former Home Depot employee. *See* the Declaration of Desi DeLeon ("DeLeon Dec.") at ¶ 2, attached hereto as **Exhibit C**. DeLeon too has recently been reminded of his confidentiality obligations as a former employee by Home Depot. He retained Winstead PC as counsel on January 20, 2016 to represent him in connection with this deposition and advise him on his confidentiality obligations. *Id.* at ¶ 4. DeLeon also has not had the opportunity to meet with his counsel regarding his deposition, and he will not have the opportunity to do so prior to his deposition, which is currently scheduled for 1:00 p.m. on Monday, January 25, 2016. *Id.* at ¶¶ 3, 5.

4.     Solis is a current Home Depot employee. *See* the Declaration of Ricardo Solis ("Solis Dec.") at ¶¶ 2-3, attached hereto as **Exhibit D**. After Solis informed Home Depot on January 20, 2016, that he had been served with a Subpoena, he was reminded of his

confidentiality obligations as an employee of Home Depot.  Home Depot agreed to provide

counsel to represent Solis at his deposition and in connection with this discovery matter.  *Id.* at

¶ 4. Solis, likewise, has not had the opportunity to meet with his counsel regarding his deposition

or his confidentiality obligations, nor will he have the opportunity to do so prior to his deposition

currently scheduled at 3:00 p.m. on Monday, January 25, 2016. *Id.* at ¶¶ 3, 5.

5.      Because Solis, Salinas, and DeLeon will not be able to meet with their counsel

prior to their currently scheduled depositions, and there is a reasonable likelihood that deposition

examinations will cover information which is maintained as confidential or a trade secret by

Home Depot, they request an order from this Court quashing the Subpoenas. Alternatively, Solis,

Salinas, and DeLeon request that the Court enter a protective order that will protect the

confidential information that may be elicited in their deposition by restricting the use and

dissemination of any such confidential information and trade secrets.

## ARGUMENT AND BRIEF OF AUTHORITIES

6.      A district court has broad discretion over all discovery matters, including

discretion to quash a subpoena. *United States v. Anderson*, 560 F.3d 275, 282 (5th Cir. 2009). A

court *must* quash or modify a subpoena when, as here, it: "(i) fails to allow a reasonable time to

comply . . . ." FED. R. CIV. P. 45(d)(3)(A). An issuing court *may* quash a subpoena when it

requires "(i) disclosing a trade secret or other confidential research, development, or commercial

information." *See id.* at 45(d)(3)(B). Quashing the Subpoenas is appropriate in the present

instance because Solis, Salinas, and DeLeon are likely to be asked questions at deposition that

will elicit the disclosure of confidential information that they are obliged to safeguard. The

confidentiality issue should be resolved prior to the depositions. In addition, because Movants

have only had the opportunity to retain counsel within the last two days, the Subpoenas fail to

allow a reasonable time to comply and should be quashed.

### A.  *Employees and former employees have confidentiality obligations to Home Depot that are likely to be affected by their deposition testimony.*

7.      Under Texas law, employees have a duty not to disclose their current or former employer's confidential business information. *Anderson Chem. Co. v. Green*, 66 S.W.3d 434, 442 (Tex. App.—Amarillo 2001, no pet.); *see Conley v. DSC Communs. Corp.*, No. 05-98-01051-CV, 1999 Tex. App. LEXIS 1321, at *7-8 (Tex. App.—Dallas Feb. 24, 1999, no pet.). Texas courts have long recognized that entrustment of trade secrets gives rise to a fiduciary relationship in an employer-employee relationship. *See In re Associated Indep. Marketers Inc. of Am.*, No. 92-4941, 1993 U.S. App. LEXIS 41111, at *9 (5th Cir. May 10, 1993). A trade secret is any formula, pattern, device, or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it. *Computer Assoc. Intl., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). Trade secrets may be based on a previously existing idea in the industry and still be entitled to protection so long as the procedure is not generally known. *See K&G Oil Tool & Serv. Co. v. G&C Fishing Tool Serv.*, 314 S.W.2d 782, 785 (Tex. 1958).

8.      Home Depot consistently asserts that its business practices, training programs, procedures, and compilations of information provide it with a competitive advantage in the marketplace, constituting confidential business information and trade secrets entitled to protection. *See* Declaration of Jenifer Lake at ¶ 3, attached hereto as **Exhibit E**. Movants, as current and former Home Depot employees each with more than ten years' experience working for Home Depot, were entrusted with large amounts of Home Depot's trade secret and confidential information over the course of their employment, including, by not limited to, internal performance goals, operating procedures, and training protocols. *See* **Exhibit B** at ¶ 4; **Exhibit C** at ¶ 4; **Exhibit D** at ¶ 4.

9.     Movants anticipate that their deposition examinations will delve into matters that occurred during their employment with Home Depot and encompass information that Home Depot considers confidential and/or a trade secret which Movants are not entitled to disclose. **Exhibit B** at ¶ 3; **Exhibit C** at ¶ 3; **Exhibit D** at ¶ 3. Moreover, there has been no protective order entered in the Colorado Lawsuit that Movants could invoke in order to ensure that any confidential information that may be disclosed in the deposition is adequately protected. Therefore, in the likely situation that they are asked questions touching on Home Depot's confidential information, Movants will be forced to decide between revealing the confidential information or facing possible discovery sanctions. Consequently, Movants request that the Court quash the Subpoenas, pursuant to Rule 45(d)(3)(B). FED. R. CIV. P. 45(d)(3)(B).

**B.     *Movants do not have a reasonable time to comply with the Subpoenas.***

10.     The Colorado Lawsuit was filed on November 26, 2014. Pursuant to the scheduling order entered in that case, the parties were to conclude discovery by October 30, 2015. However, the parties twice moved for and obtained extensions of the discovery deadline, first extending the deadline to December 30, 2015 and then to January 29, 2016. Yet despite the fact that the Colorado Lawsuit has been pending for more than a year, it was not until a few weeks before the second-extended discovery deadline that NGL decided to pursue discovery from Movants. NGL did not notify Home Depot that it intended to, much less that it had served any of its employees or former employees with deposition subpoenas.

11.     After being served with the Subpoenas, DeLeon and Solis retained counsel on January 20, 2016. **Exhibit C** at ¶ 4; **Exhibit D** at ¶ 4. Salinas retained counsel on January 21, 2016. **Exhibit B** at ¶ 4. At this time, none of the Movants has had the opportunity to meet with their counsel regarding the depositions, and none will be able to do so prior to the scheduled deposition date. This is particularly troublesome given the serious confidentiality concerns

discussed in the previous section. Movants, as nonparties to the Colorado Lawsuit, should not be denied their opportunity to confer and prepare with counsel prior to the depositions and to have adequate time to resolve the overarching confidentiality issues solely because NGL waited until the eleventh-hour of discovery to seek their testimony. For these reasons, the Subpoenas fail to allow a reasonable time for Movants to comply, and the Court must quash the Subpoenas in accordance with Rule 45(d)(3)(A)(i), FED. R. CIV. P.

## MOTION FOR A PROTECTIVE ORDER

12.     Movants alternatively move for a protective order to restrict the use and dissemination of their deposition testimony, in order to allow Movants to comply with their confidentiality obligations to Home Depot. Under Rule 26(c)(1), a person from whom discovery is sought may move in the court for the district where the deposition will be taken for a protective order restricting the manner in which confidential commercial information may be revealed. FED. R. CIV. P. 26(c)(1). For the reasons set out above, Movants' depositions are likely to require that they reveal information that Home Depot contends is confidential and protected. Movants therefore request that the Court enter the proposed protective order, attached hereto as **Exhibit F**, allowing them to designate portions or all of their testimony as confidential, to limit the use of designated testimony to the Colorado Lawsuit, and to require that any designated information filed or presented at hearing or trial be introduced pursuant to the United States District Court for the District of Colorado's rules governing sealed exhibits and testimony.

## CERTIFICATE OF COUNSEL

On January 20, 2016, Scott Courtney, one of counsel for Movants, conferred with Haley Maglieri, one of counsel for NGL, seeking to reset the depositions for a later date for the reasons set forth in this motion. Ms. Maglieri stated that NGL is opposed to resetting the depositions.

Further, Ms. Maglieri offered to enter into a protective order regarding the deposition proceedings, but the suggested protective order would not extend to protect the confidential information from open use in filings, hearings, and trial in the Colorado Lawsuit.

### PRAYER

For the foregoing reasons, Movants respectfully request the Court grant their Motion to Quash Deposition Subpoenas served on Ricardo Solis, Oscar Salinas, and Desi DeLeon and Motion for a Protective Order, quashing the Subpoenas served on them in connection with the Colorado Lawsuit. Alternatively, Movants request that the Court issue a protective order restricting the use and dissemination of any testimony that contains Home Depot's confidential, trade secret, or proprietary information. Movants further pray for all other relief to which they may be entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ James G. Ruiz*
    James G. Ruiz
    State Bar No. 17385860
    jruiz@winstead.com
    Scott F. Courtney Jr.
    State Bar No. 24084384
    scourtney@winstead.com
    401 Congress Avenue, Suite 2100
    Austin, Texas 78701
    (512) 370-2800
    (512) 370-2850 (Fax)

**ATTORNEYS FOR RICARDO SOLIS,
OSCAR SALINAS, AND DESI DELEON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this brief was served electronically on counsel in the relating proceeding on the 22nd day of January, 2016:

Christina M. Gilbertson
CGilbertson@wshblaw.com
Haley W. Maglieri
HMaglieri@wshblaw.com
Nick R. Herrick
NHerrick@wshblaw.com
Wood, Smith, Henning & Berman LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, Colorado 80129

**ATTORNEYS FOR NGL WAREHOUSE, LLC**

And

Heather Thomas
Thomas@gojolaw.com
**GODFREY JOHNSON, P.C.**
9557 South Kingston Court
Englewood, Colorado 80112

**ATTORNEYS FOR GREAT NORTHERN INSURANCE COMPANY AND UNIQUE HOME DESIGNS, INC.**

/s/ James G. Ruiz
James G. Ruiz

# EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Colorado  ▾

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2014-cv-3233-PAB-NYW |
| NGL WAREHOUSE, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Ricardo Solis

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Courtyard by Marriott 1725 West Filmore Avenue Harlingen, TX 78550 | Date and Time: January 27, 2016 at 9:00 a.m. (central time) |
|---|---|

The deposition will be recorded by this method:   certified court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   January 7, 2016

CLERK OF COURT

_____            OR   *Christina M. _____*
  *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
NGL Warehouse, LLC                                                     , who issues or requests this subpoena, are:
Haley W. Maglieri; Nick R. Herrick; Christina M. Gilbertson, Wood Smith Henning & Berman LLP, 1805 Shea Center Dr.,
#200, Highlands Ranch, CO 80129 (720-479-2500) hmaglieri@wshblaw.com; nherrick@wshblaw.com;
cgilbertson@wshblaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2014-cv-3233-PAB-NYW

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Ricardo "Rick" Soha

on *(date)* 1/7/16

☑ I served the subpoena by delivering a copy to the named individual as follows: in person at

1500 West Expressway 83, Weslaco, TX 78599 on 1/8/16 at 9:14am

on *(date)* ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date:   1/8/16

Velma R. Flynn
*Server's signature*

Velma R. Flynn #7275, Expires 8/31/16; Civil Process Server
*Printed name and title*

2403 N. 10th Street, Ste B, PMB #87, McAllen, TX 78501
*Server's address*

Additional information regarding attempted service, etc.:
Additional Documents Served:
United States District Court - District of Colorado
Notice of Videotaped Deposition of Ricardo "Rick" Solano
including Certificate of Service.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

On calendar

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 2014-cv-3233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

        Plaintiffs,

v.

NGL WAREHOUSE, LLC,

        Defendant,

v.

AVERITT EXPRESS, INC.,

        Third-Party Defendant.

## NOTICE OF VIDEOTAPED DEPOSITION OF RICARDO SOLIS

       COMES NOW, NGL Warehouse, LLC, by and through its attorneys, Wood, Smith, Henning & Berman LLP, hereby submits its Notice of Deposition of Ricardo Solis, at the Courtyard by Marriott,1725 West Filmore Avenue, Harlingen, Texas 78550 (956-412-7800). This deposition shall be taken on January 27, 2016, commencing at 9:00 a.m. (central time). Subject to the terms and conditions limiting the use and taking of depositions as set forth within the applicable Court rules and orders, said deposition shall continue from day to day until completed.  Said deposition will be taken before an officer authorized to administer oaths by a videographer and stenographic means.

RESPECTFULLY submitted this 7th day of January, 2016.

Wood, Smith, Henning & Berman LLP

By: _____
Christina M. Gilbertson, Reg. No. 38367
Haley W. Maglieri, Reg. No. 40149
Wood, Smith, Henning & Berman LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, Colorado 80129
(720) 479-2500 / fax (303) 471-1855
CGilbertson@wshblaw.com
HMaglieri@wshblaw.com

Attorneys for NGL Warehouse, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2016, a true and correct copy of the foregoing

**Notice of Videotaped Deposition of Ricardo Solis** was served via electronic mail, to the

following parties:

Brett M. Godfrey
Aimee M. Bove
Heather A. Thomas
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
303.228.0700 / fax 303.228-0701
godfrey@gojolaw.com
bove@gojolaw.com
thomas@gojolaw.com
*Counsel for Plaintiffs Great Northern*
*Insurance Company and Unique Home*
*Designs, Inc.*

Frederick T. Winters
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln, Suite 4000
Denver, CO 80203
303.861.7760
fred.winters@lewisbrisbois.com
*Counsel for Third-Party Defendant Averitt*
*Express, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 2014-cv-3233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

        Plaintiffs,

v.

NGL WAREHOUSE, LLC,

        Defendant,

v.

AVERITT EXPRESS, INC.,

        Third-Party Defendant.

---

**AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF RICARDO SOLIS**

---

COMES NOW, NGL Warehouse, LLC, by and through its attorneys, Wood, Smith, Henning & Berman LLP, and hereby submits its Notice of Deposition of Ricardo Solis, at the Courtyard by Marriott, 1725 West Fillmore Avenue, Harlingen, Texas 78550 (956-412-7800). This deposition shall be taken on January 25, 2016, commencing at 3:00 P.M. (central time). Subject to the terms and conditions limiting the use and taking of depositions as set forth within the applicable Court rules and orders, said deposition shall continue from day to day until completed. Said deposition will be taken before an officer authorized to administer oaths, by a videographer and stenographic means.

RESPECTFULLY submitted this 19th day of January, 2016.

        Wood, Smith, Henning & Berman LLP

By: _____
Christina M. Gilbertson, Reg. No. 38367
Haley W. Maglieri, Reg. No. 40149
Nick R. Herrick, Reg. No. 47473
Wood, Smith, Henning & Berman LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, Colorado 80129
(720) 479-2500 / fax (303) 471-1855
CGilbertson@wshblaw.com
HMaglieri@wshblaw.com
NHerrick@wshblaw.com

Attorneys for NGL Warehouse, LLC

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado ▢▾

|  |  |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2014-cv-3233-PAB-NYW |
| NGL WAREHOUSE, LLC | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Oscar Salinas ~~International Blvd~~
7905 ~~International Blvd~~
~~Weslaco, TX 78557~~

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Courtyard by Marriott 1725 West Filmore Avenue Harlingen, TX 78550 | Date and Time: January 25, 2016 at 9:00 a.m. (central time) |
|---|---|---|

The deposition will be recorded by this method:  certified court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  January 7, 2016

*CLERK OF COURT*

_____          OR          *Christina M Gilbertson*
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
NGL Warehouse, LLC                                    , who issues or requests this subpoena, are:
Haley W. Maglieri; Nick R. Herrick; Christina M. Gilbertson, Wood Smith Henning & Berman LLP, 1805 Shea Center Dr., #200, Highlands Ranch, CO 80129 (720-479-2500) hmaglieri@wshblaw.com; nherrick@wshblaw.com; cgilbertson@wshblaw.com.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2014-cv-3233-PAB-NYW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Oscar Salinas

on *(date)* 1/7/16

☑ I served the subpoena by delivering a copy to the named individual as follows: Personally to
Oscar Salinas at 790 S. International Boulevard, Hidalgo, TX
78557                                            on *(date)* 1/11/16      ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: 1/8/16

Velma R. Flynn
*Server's signature*

Velma R. Flynn - Civil Process Server #7275   Expires 8/31/16
*Printed name and title*

2403 N. 10th, Ste B, PMB #87, McAllen, TX 78501
*Server's address*

Additional information regarding attempted service, etc.:
Additional Documents Served:
United States District Court - District of Colorado - Notice of
Video taped Deposition of Oscar Salinas including
Certificate of Service

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 2014-cv-3233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

        Plaintiffs,

v.

NGL WAREHOUSE, LLC,

        Defendant,

v.

AVERITT EXPRESS, INC.,

        Third-Party Defendant.

.    On calendar

---

## NOTICE OF VIDEOTAPED DEPOSITION OF OSCAR SALINAS

---

COMES NOW, NGL Warehouse, LLC, by and through its attorneys, Wood, Smith,

Henning & Berman LLP, hereby submits its Notice of Videotaped Deposition of Oscar Salinas,

at the Courtyard by Marriott,1725 West Filmore Avenue, Harlingen, Texas 78550 (956-412-

7800).  This deposition shall be taken on January 25, 2016, commencing at 9:00 a.m. (central

time).  Subject to the terms and conditions limiting the use and taking of depositions as set forth

within the applicable Court rules and orders, said deposition shall continue from day to day until

completed.  Said deposition will be taken before an officer authorized to administer oaths by a

videographer and stenographic means.

RESPECTFULLY submitted this 7th day of January, 2016.

Wood, Smith, Henning & Berman LLP

By: *Christina M Gilbertson*

Christina M. Gilbertson, Reg. No. 38367
Haley W. Maglieri, Reg. No. 40149
Wood, Smith, Henning & Berman LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, Colorado 80129
(720) 479-2500 / fax (303) 471-1855
CGilbertson@wshblaw.com
HMaglieri@wshblaw.com

Attorneys for NGL Warehouse, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2016, a true and correct copy of the foregoing

**Notice of Videotaped Deposition of Oscar Salinas** was served via electronic mail, to the

following parties:

Brett M. Godfrey
Aimee M. Bove
Heather A. Thomas
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
303.228.0700 / fax 303.228.0701
godfrey@gojolaw.com
bove@gojolaw.com
thomas@gojolaw.com
*Counsel for Plaintiffs Great Northern
Insurance Company and Unique Home
Designs, Inc.*

Frederick T. Winters
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln, Suite 4000
Denver, CO 80203
303.861.7760
fred.winters@lewisbrisbois.com
*Counsel for Third-Party Defendant Averitt
Express, Inc.*

_Lynn Hayward_

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado  ▾

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2014-cv-3233-PAB-NYW |
| NGL WAREHOUSE, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Desi DeLeon

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors,
or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or
those set forth in an attachment:

| | |
|---|---|
| Place:  Courtyard by Marriott<br>1725 W. Filmore Avenue<br>Harlingen, TX 78550 | Date and Time:<br>January 25, 2016 at 1:00 p.m.  (central time) |

The deposition will be recorded by this method:   certified court reporter

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   January 7, 2016

CLERK OF COURT

OR   *Christina M Gilbertson*

_____          _____
Signature of Clerk or Deputy Clerk·            Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
NGL Warehouse, LLC                                     , who issues or requests this subpoena, are:
Haley W. Maglieri; Nick R. Herrick; Christina M. Gilbertson, Wood Smith Henning & Berman LLP, 1805 Shea Center Dr.,
#200, Highlands Ranch, CO 80129 (720-479-2500) hmaglieri@wshblaw.com; nherrick@wshblaw.com;
cgilbertson@wshblaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice
and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is
directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2014-cv-3233-PAB-NYW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    Desi DeLeon

on *(date)*    1/07/2016      .

☒ I served the subpoena by delivering a copy to the named individual as follows:  Desi DeLeon, Personally

Served @ 101 Bass Pro Shope Drive, Harlingen, TX 78552

on *(date)* 1/08/2016 @ 2:01 PM ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$    41.00    .

My fees are $                    for travel and $                    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    1/08/2016

_____
*Server's signature*

Velma Ruth Flynn - Process Server
*Printed name and title*
First Legal Network - National
3600 Lime St., Suite 626
Riverside CA 92501

*Server's address*

Additional information regarding attempted service, etc.:

Additional Documents Served: United States District Court - District of Colorado
Notice of Videotaped Deposition of Oscar Salinas including
Certificate of Service

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

On calendar

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 2014-cv-3233-PAB-NYW

GREAT NORTHERN INSURANCE COMPANY and
UNIQUE HOME DESIGNS, INC.,

        Plaintiffs,

v.

NGL WAREHOUSE, LLC,

        Defendant,

v.

AVERITT EXPRESS, INC.,

        Third-Party Defendant.

---

## NOTICE OF VIDEOTAPED DEPOSITION OF DESI DeLEON

---

COMES NOW, NGL Warehouse, LLC, by and through its attorneys, Wood, Smith,

Henning & Berman LLP, hereby submits its Notice of Videotaped Deposition of Desi DeLeon,

at the Courtyard by Marriott,1725 West Filmore Avenue, Harlingen, Texas 78550 (956-412-

7800). This deposition shall be taken on January 25, 2016, commencing at 1:00 p.m. (central

time). Subject to the terms and conditions limiting the use and taking of depositions as set forth

within the applicable Court rules and orders, said deposition shall continue from day to day until

completed. Said deposition will be taken before an officer authorized to administer oaths by a

videographer and stenographic means.

RESPECTFULLY submitted this 7th day of January, 2016.

Wood, Smith, Henning & Berman LLP

By: *Christina M Gilbert*

Christina M. Gilbertson, Reg. No. 38367
Haley W. Maglieri, Reg. No. 40149
Wood, Smith, Henning & Berman LLP
1805 Shea Center Drive, Suite 200
Highlands Ranch, Colorado 80129
(720) 479-2500 / fax (303) 471-1855
CGilbertson@wshblaw.com
HMaglieri@wshblaw.com

Attorneys for NGL Warehouse, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2016, a true and correct copy of the foregoing

**Notice of Videotaped Deposition of Desi DeLeon** was served via electronic mail, to the

following parties:

Brett M. Godfrey
Aimee M. Bove
Heather A. Thomas
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
303.228.0700 / fax 303.228.0701
godfrey@gojolaw.com
bove@gojolaw.com
thomas@gojolaw.com
*Counsel for Plaintiffs Great Northern*
*Insurance Company and Unique Home*
*Designs, Inc.*

Frederick T. Winters
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln, Suite 4000
Denver, CO 80203
303.861.7760
fred.winters@lewisbrisbois.com
*Counsel for Third-Party Defendant Averitt*
*Express, Inc.*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE DEPOSITION SUBPOENAS SERVED ON RICARDO SOLIS, OSCAR SALINAS, AND DESI DELEON, <br><br> *Movants.* | § Civil Action No. _____ <br> § <br> § Civil Action No. 2014-cv-3233-PAB-NYM, pending in the United States District Court for the District of Colorado <br> § <br> § <br> § |

## DECLARATION OF OSCAR SALINAS

I, Oscar Salinas, declare as follows:

1.  My name is Oscar Salinas. I am over 18 years of age, have never been convicted of a felony or crime of moral turpitude, am of sound mind, and am fully competent to make this declaration.

2.  From 2007 to 2015, I was an employee of Home Depot U.S.A., Inc. ("Home Depot"), during which time I worked at Home Depot store number 8519, located in Mission, Texas.

3.  On January 11, 2016, I was served with a subpoena and notice of videotaped deposition in *Great Northern Insurance Company and Unique Home Designs, Inc. v. NGL Warehouse, LLC*, Civil Action No. 2014-cv-3233-PAB-NYW, pending before the United States District Court for the District of Colorado. I am not familiar with the claims involved in the Colorado lawsuit or what information I would have relating to that case, but I understand my deposition will relate to matters that occurred while I was an employee of Home Depot. According to the subpoena and notice, my deposition is scheduled for Monday, January 25, 2016 at 9:00 a.m. in Harlingen, Texas.

4.  On January 21, 2016, I was reminded of the confidentiality obligations I have to Home Depot as a former employee. I feel uncomfortable giving a deposition that may involve matters Home Depot considers confidential. Home Depot has agreed to provide me with legal counsel to represent me in connection with the deposition.

5.  I have not yet had an opportunity to consult with my attorneys regarding the deposition and my confidentiality obligations. I will not have an opportunity to meet with counsel by the scheduled deposition date. My attorneys have requested that my deposition be rescheduled to a date after I have an opportunity to meet with my attorneys, and when my attorneys will be available to attend the deposition. I understand the request for a postponement was denied.

I declare under the penalty of perjury of the law of the United States that the foregoing is true and correct.

Executed this _22nd_ day of January, 2016, at _Hidalgo_, Texas.

Oscar Salinas, Declarant

# EXHIBIT C

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | Civil Action No. 2014-cv-3233-PAB- |
| | § | NYM, pending in the United States |
| *Movants.* | § | District Court for the District of Colorado |
| | § | |

### DECLARATION OF DESI DELEON

I, Desi DeLeon, declare as follows:

1. My name is Desi DeLeon. I am over 18 years of age, have never been convicted of a felony or crime of moral turpitude, am of sound mind, and am fully competent to make this declaration.

2. From 2002 to 2014, I was an employee of Home Depot U.S.A., Inc. ("Home Depot"). I worked at Home Depot store number 8519, located in Mission, Texas from 2008 to 2014.

3. On January 8, 2016, I was served with a subpoena and notice of videotaped deposition in *Great Northern Insurance Company and Unique Home Designs, Inc. v. NGL Warehouse, LLC*, Civil Action No. 2014-cv-3233-PAB-NYW, pending before the United States District Court for the District of Colorado. I am not familiar with the claims involved in the Colorado lawsuit or what information I would have relating to that case, but I understand my deposition will relate to matters that occurred while I was an employee of Home Depot. According to the subpoena and notice, my deposition is scheduled for Monday, January 25, 2016 at 1:00 p.m. in Harlingen, Texas.

4. On January 21, 2016, I was reminded of the confidentiality obligations I have to Home Depot as a former employee. I feel uncomfortable giving a deposition that may involve matters Home Depot considers confidential. Home Depot has agreed to provide me with legal counsel to represent me in connection with the deposition.

5. I have not yet had an opportunity to consult with my attorneys regarding the deposition and my confidentiality obligations. I will not have an opportunity to meet with counsel by the scheduled deposition date. My attorneys have requested that my deposition be rescheduled to a date after I have an opportunity to meet with my attorneys, and when my attorneys will be available to attend the deposition. I understand the request for a postponement was denied.

I declare under the penalty of perjury of the law of the United States that the foregoing is true and correct.

Executed this _22nd_ day of January, 2016, at ___Harlingen___, Texas.

_Desi DeLeon, Declarant_

4853-2763-3708v.1

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | Civil Action No. 2014-cv-3233-PAB- |
| | § | NYM, pending in the United States District |
| *Movants.* | § | Court for the District of Colorado |
| | § | |

## DECLARATION OF RICARDO SOLIS

I, Ricardo Solis, declare as follows:

1. My name is Ricardo Solis. I am over 18 years of age, have never been convicted of a felony or crime of moral turpitude, am of sound mind, and am fully competent to make this declaration.

2. I have been an employee of Home Depot U.S.A., Inc. ("Home Depot") since 2005. I currently serve as the store manager at Home Depot store number 6577, located in Weslaco, Texas. From 2007 to 2014, I worked as the store manager at Home Depot store number 8519, located in Mission, Texas.

3. On January 13, 2016, I was served with a subpoena and notice of videotaped deposition in *Great Northern Insurance Company and Unique Home Designs, Inc. v. NGL Warehouse, LLC,* Civil Action No. 2014-cv-3233-PAB-NYW, pending before the United States District Court for the District of Colorado. I am not familiar with the claims involved in the Colorado lawsuit or what information I would have relating to that case, but I understand my deposition will relate to matters that occurred while I was an employee of Home Depot. Currently, my deposition is scheduled for Monday, January 25, 2016 at 3:00 p.m. in Harlingen, Texas.

4. On January 21, 2016, I was reminded of the confidentiality obligations I have to Home Depot as an employee. I feel uncomfortable giving a deposition that may involve matters Home Depot considers confidential. Home Depot has agreed to provide me with legal counsel to represent me in connection with the deposition.

5. I have not yet had an opportunity to consult with my attorneys regarding the deposition and my confidentiality obligations. I will not have an opportunity to meet with counsel by the scheduled deposition date. My attorneys have requested that my deposition be rescheduled to a date after I have an opportunity to meet with my attorneys, and when my attorneys will be available to attend the deposition. I understand the request for a postponement was denied.

I declare under the penalty of perjury of the law of the United States that the foregoing is true and correct.

Executed this _22_ day of January, 2016, at _Weslaco_, Texas.

_Ricardo Solis_

Ricardo Solis, Declarant

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | Civil Action No. 2014-cv-3233-PAB- |
| | § | NYM, pending in the United States District |
| *Movants.* | § | Court for the District of Colorado |
| | § | |

**DECLARATION OF JENIFER LAKE**

I, Jenifer Lake, declare as follows:

1. My name is Jenifer Lake. I am over 18 years of age, have never been convicted of a felony or crime of moral turpitude, am of sound mind, and am fully competent to make this declaration.

2. I am a member of Home Depot U.S.A., Inc.'s ("Home Depot") managerial team. As part of my duties and responsibilities at Home Depot, I have personal knowledge of the various Home Depot business practices, training programs, procedures, and assorted compilations of information that are provided to the associates and managers who work in Home Depot retail stores.

3. Home Depot's business practices, training programs, procedures, and compilations of information provide the company with competitive advantages to its competitors. Home Depot considers all such information to be proprietary, sensitive, and confidential trade secrets and business information. Home Depot regularly and consistently seeks to keep this information protected from open and public disclosure, in order to maintain its competitive advantages.

I declare under the penalty of perjury of the law of the United States that the foregoing is

true and correct.

Executed this 22nd day of January, 2016, at _Houston_, Texas.


_____
Jenifer Lake, Declarant

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | [Civil Action No. 2014-cv-3233-PAB- |
| | § | NYM, pending in the United States District |
| *Movants.* | § | Court for the District of Colorado] |
| | § | |

## PROTECTIVE ORDER

The Court finds that the discovery sought from Ricardo Solis, Oscar Salinas, and Desi DeLeon (collectively, "Movants") in *Great Northern Insurance Company and Unique Home Designs, Inc. v. NGL Warehouse, LLC*, Civil Action No. 2014-cv-3233-PAB-NYW, pending before the United States District Court for the District of Colorado (the "Colorado Lawsuit") is likely to involve witness testimony that contains business, competitive, proprietary, trade secret, or other information of a sensitive nature, hereafter referred to as "Confidential Information." The parties to the Colorado Lawsuit are hereinafter referred to as the "Colorado Parties." Accordingly, the Court enters this Protective Order to govern Movants' testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1.    *Designation of Depositions.*  Depositions or portions thereof upon oral or written questions may be classified as Confidential if they contain Confidential Information. A Movant claiming that a deposition or any portion thereof is Confidential shall give notice of such claim to the Colorado Parties either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. Placement of the "Confidential" designation on each protected page of the transcript shall constitute notice and shall designate the

information contained therein as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Protective Order.

2.     *Modification of Designation.*  The designation of Confidential Information by a Movant shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a)     The Movant may agree in writing to downgrade or eliminate the Confidential designation concerning any testimony.

(b)     If the designating Movant and the Colorado Parties cannot agree as to the designation of any particular information or material after good faith discussion, a Colorado Party may move this Court to downgrade or eliminate the Confidential designation.  The burden of proving that the information has been properly designated as protected shall be on the Movant who made the original designation.

<u>Access to Confidential Information</u>

3.     *General Access.*  Except as otherwise expressly provided herein or ordered by the Court, the Colorado Parties my only reveal Confidential Information as follows:

(a)     To outside counsel for a Colorado Party (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record in the Colorado Lawsuit must first sign and deliver to counsel of record for Movants a letter in the form of Exhibit A hereto.

(b)      To the Colorado Parties after they have been given a copy of this Protective Order by their outside counsel and signed a letter in the form of Exhibit A.

(c)      To court reporters or videographers transcribing or recording a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters or videographers).

(d)      To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a Colorado Party and who is retained by a Colorado Party or its outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

4.     *No Copies/Notes.*  Except for use by counsel for Movants or the Colorado Parties (including dissemination to expert witnesses as set forth in paragraph 3), for court and deposition copies, for use as exhibits to motions or responses filed with a court, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof. Additionally, counsel and/or experts shall not take notes or otherwise summarize the contents of such Confidential Information except for internal use.

5.     *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move this Court to permit the disclosure and must obtain an order of this Court before disclosing the information.

### Use of Confidential Information

6.     *Use in this Proceeding and the Colorado Lawsuit Only.*  Confidential Information may be used only for purposes of this proceeding and the Colorado Lawsuit. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly,

use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

7. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the Movant shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Protective Order to receive the Confidential Information.

8. *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the court and counsel for Movants. Any party may move a court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

9. *Filing Under Seal.* Each document filed in the Colorado Lawsuit that contains any Confidential Information shall be filed as a "Sealed Document" or "Sealed Exhibit" in accordance with the applicable rules of the United States District Court for the District of Colorado. The clerk and all court personnel are directed to maintain under seal all Confidential Information filed in this manner in accordance with those procedures.

10. *Reasonable Precautions.* Counsel for each Colorado Party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

11. *Return and/or Destroy After Litigation.* Within thirty (30) days of the final termination of the Colorado Lawsuit by judgment, appeal, settlement, or otherwise, or sooner if

so ordered by this Court, counsel for each Colorado Party shall destroy or return to counsel for Movants all items constituting, containing, or reflecting Confidential Information, save for attorney's notes, which counsel agree to destroy within 180 days of final termination of this litigation.

Other Provisions

12.   *Not an Admission.*   Nothing in this Protective Order shall constitute an admission by the Colorado Parties that information designated as Confidential is actually Confidential Information.   Furthermore, nothing contained herein shall preclude a party or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

13.   *Miscellaneous.*   This Protective Order may be used to protect the confidentiality of the residential addresses and social security numbers of the Movants.

SIGNED this _____ day of _____, 2016.


                                        _____
                                        UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | [Civil Action No. 2014-cv-3233-PAB- |
| | § | NYM, pending in the United States District |
| *Movants.* | § | Court for the District of Colorado] |
| | § | |

## EXHIBIT A

## AGREEMENT CONCERNING INFORMATION
## <u>COVERED BY THE PROTECTIVE ORDER</u>

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Protective Order entered in the above-entitled case.

Having read the Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Protective Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Protective Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2016.

_____
Name

_____
Address

_____
Employer

_____
Job Title

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| | § | |
| THE DEPOSITION SUBPOENAS SERVED | § | Civil Action No. _____ |
| ON RICARDO SOLIS, OSCAR SALINAS, | § | |
| AND DESI DELEON, | § | [Civil Action No. 2014-cv-3233-PAB- |
| | § | NYM, pending in the United States |
| *Movants.* | § | District Court for the District of Colorado] |
| | § | |

**PROPOSED ORDER GRANTING MOTION TO QUASH
DEPOSITION SUBPOENAS SERVED ON RICARDO SOLIS, OSCAR
SALINAS, AND DESI DELEON AND MOTION FOR PROTECTIVE ORDER**

On this day, the Court considered Movants' Motion to Quash Deposition Subpoenas

Served on Ricardo Solis, Oscar Salinas, and Desi DeLeon and Motion for a Protective Order (the

"Motion"), and any responses by the parties thereto. Having considered the Motion, the Court is

of the opinion that is should be GRANTED.

It is hereby ORDERED that Motion is GRANTED and that that the subpoenas and

notices of deposition served on Ricardo Solis, Oscar Salinas, and Desi DeLeon are hereby

QUASHED.

SIGNED this _____ day of _____, 2016

_____
UNITED STATES DISTRICT JUDGE